IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 8:05CR236 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| **CESAR LOPEZ-COTOM,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 22). The government has adopted the PSR. (Filing No. 21.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 36, 38, 39, 40, 57 and 58 of the PSR. Specifically, the Defendant argues that because the prior conviction described in ¶ 36 involved a sentence of a *suspended* sentence "to be imposed only if Mr. Lopez did not meet certain conditions by the time of a 'jail review' hearing." (Filing No. 22.) Therefore, the Defendant reasons: 1) he should only be assessed 1 criminal history point under U.S.S.G. § 4A1.1(c) as opposed to the 2 points assessed pursuant to U.S.S.G. § 4A1.1(b); and 2) therefore, the 2 points assessed for recency pursuant to U.S.S.G. § 4A1.1(e) in ¶ 39 should not be assessed.

The issue is whether the suspended sentence is a "prior sentence of imprisonment" within the meaning of § 4A1.1(b). U.S.S.G. § 4A1.2(a)(3) provides that a sentence which

was totally suspended is counted as a "prior sentence" under § 4A1.1(c) and therefore is assessed only 1 criminal history point.  In order to receive 2 criminal history points for a suspended sentence, it is necessary that the Defendant have served at least 60 days of his sentence in jail. *United States v. Copeland,* 45 F.3d 254, 257 (8th Cir. 1995).  The PSR includes no information about a "suspended" sentence.  If the suspended sentence is counted under § 4A1.1(c), then the 2 additional criminal history points assessed for recency in ¶ 39 would not apply.  The Court will hear the objection at sentencing, and the Defendant bears the burden by a preponderance of the evidence.

IT IS ORDERED:

1. The Defendant's Objection to the Presentence Investigation Report (Filing No. 22) will be heard at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

  5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

  DATED this 25th day of October, 2005.

           BY THE COURT:

           s/Laurie Smith Camp
           United States District Judge